# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT L. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-3048-KHV |
| | ) | |
| DAN SCHNURR, Warden, | ) | |
| El Dorado Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Pro se petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254, claiming various constitutional violations arising out of his state court convictions for rape and aggravated criminal sodomy. See Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #1) filed March 1, 2018. Respondent has filed an answer. See Answer And Return (Doc. #14) filed September 18, 2018. This matter is before the Court on petitioner's Motion For Extension Of Time, And A Copy Of The Court's Appellate Records And Trial Transcripts Or, [] Appointment Of Counsel And Reconsideration (Doc. #17) filed October 9, 2018. For reasons stated below, the Court sustains petitioner's motion in part.

Petitioner seeks a copy of all state court records which respondent has provided to the Court. Although petitioner has not identified specific materials, he is entitled to some transcripts. In the answer, respondent cited the transcripts of two state court hearings and the trial testimony of two witnesses (minors N.H. and N.L.). See Answer And Return (Doc. #14) at 14, 18-19, 21, 24. Because respondent referred to these materials in the answer, petitioner is entitled to copies of them. See Rule 5 of the Rules Governing Section 2254 Proceedings (respondent must attach

to answer relevant parts of transcript); cf. Rodriguez v. Fla. Dep't of Corrs., 748 F.3d 1073, 1077 (11th Cir. 2014) (all documents referenced in answer and filed with court must be served on habeas petitioner); Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir. 2010) (respondent must serve exhibits attached to answer on habeas petitioner).  **On or before November 5, 2018, respondent shall provide petitioner copies of the transcripts of (1) the motion hearing on January 21, 2011 (Record, Vol. XI), (2) the motion hearing on January 6, 2012 (Record, Vol. IX) and (3) the complete trial testimony of N.H. and N.L. (Record, Vol. V, 181-261 and Vol. VI, 308-51).**

Petitioner asserts generally that he needs a "full copy of the appellate records and trial transcripts" to draft persuasive arguments for his traverse.  See Doc. #17 at 2.  Petitioner has not shown a particularized need for any specific document and beyond the documents referenced in respondent's answer, it does not appear that they are necessary to decide any of the claims in his petition for relief.  See 28 U.S.C. § 753 (government pays fees for transcripts if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record). Therefore, the Court overrules petitioner's request for a copy of all state court records.

Petitioner asks that to the extent he is denied access to all state court records, the Court

should reconsider his request for appointed counsel. On March 23, 2018, the Honorable Sam A. Crow held that appointment of counsel was not warranted because the issues were presented in state court with the assistance of counsel and the issues did not appear to be unusually complicated. Order To Show Cause (Doc. #5) at 2. Petitioner has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2254 petition unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2254 Proceedings. In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors at this stage, petitioner is not entitled to counsel. Petitioner had counsel to present his claims initially in state court, and he can rely here in large part on the same legal arguments his counsel made in state court. Petitioner's claims are not particularly complex, factually or legally, and he is able to adequately present his claims. Petitioner has not shown that counsel is necessary to access all state records. As explained above, except for the transcripts to which respondent referred in the answer, petitioner has not shown that the materials are necessary to prepare a traverse, either by petitioner pro se or through counsel. The Court therefore overrules petitioner's motion to reconsider his request for appointed counsel.

Defendant asks to extend the deadline to file a traverse until November 18, 2018. Based on the above rulings, the Court extends the deadline to file a traverse to **December 5, 2018**, which is 30 days after the deadline for respondent to provide documents to petitioner.

**IT IS THEREFORE ORDERED** that petitioner's Motion For Extension Of Time, And

A Copy Of The Court's Appellate Records And Trial Transcripts Or, [] Appointment Of Counsel And Reconsideration (Doc. #17) filed October 9, 2018 is **SUSTAINED in part**. **On or before November 5, 2018, respondent shall provide petitioner copies of the transcripts of (1) the motion hearing on January 21, 2011 (Record, Vol. XI), (2) the motion hearing on January 6, 2012 (Record, Vol. IX) and (3) the complete trial testimony of N.H. and N.L. (Record, Vol. V, 181-261 and Vol. VI, 308-51). On or before December 5, 2018, petitioner may file a traverse. Petitioner's motion is otherwise overruled.**

Dated this 29th day of October, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge